IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **ALLEN JEAN MILLER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | 00-C-1399-W |
| **SUMTER COUNTY HOME HEALTH and** ) | |
| **ALABAMA DEPARTMENT OF PUBLIC** ) | |
| **HEALTH,** ) | |
| ) | |
| Defendants. ) | |

**ENTERED**
**MAR 2 9 2002**

### MEMORANDUM OPINION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Sumter County Home Health and Alabama Department of Public Health have moved for Summary Judgment. For the reasons articulated herein, the Court will deny the motion with respect to the promotion claim; and it will grant the motion with respect to Plaintiff's reduction in force and retaliation claims.

### I. FACTS

The facts are viewed in a light most favorable to Plaintiff.

Plaintiff Allen Jean Miller is a black female. She received her practical nursing degree from C.A. Fredd Technical College in 1970. She was initially employed by the Sumter Nursing Home in January 1971. While so employed, she received an associate degree in nursing from Meridian Community College.

In 1980, Plaintiff entered the United States Army Reserve. While in the Army Reserve, she received additional nursing training. She had achieved the rank of major when she was

1

honorably discharged from the military in February 1991.

On May 21, 1990, Plaintiff commenced employment with the Sumter County Health Department as a Nurse II in its Home Health Office. At that time, Plaintiff was the only African-American among the three nurses. Plaintiff's immediate supervisor was Susan Carpenter, the Coordinator for Sumter County.

In the fall of 1991, Carpenter was promoted to the position of Area Director. On November 1, 1991, Plaintiff applied for the supervisory position which had been held by Carpenter. The position was instead awarded to Gail Boggs, a white Nurse I, who had only been employed for ten months in the Home Health Office.

Two weeks after the denial of the position, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The charge was resolved by an agreement with Jeanne Sewell, Area Director of the Alabama Department of Public Health, that in consideration of her withdrawal of the EEOC charge, Plaintiff would be offered the Medicaid Waiver coordinator position once it became available. Plaintiff withdrew the EEOC charge, but she was never thereafter notified that the position was available. The position was ultimately filled by Sandra Pearson, a white female.

On September 30, 1995, Plaintiff was promoted to the position of Nurse III.. In 1996, the Sumter County Health Department hired a white female, Leigh Ann Ezell, into a Nurse I position in its Home Health Office. Shortly after she was hired, Ezell was promoted to a Nurse III position and she became the Quality Assurance Nurse, a supervisory position. In April 1997, Ezell was selected to replace Boggs as the Home Health Nursing Supervisor, thus becoming Plaintiff's immediate supervisor.

Plaintiff was the only African-American Home Health Care Nurse under Ezell's supervision. Ezell treated Plaintiff differently in the terms and conditions of employment because of Plaintiff's race. Plaintiff voiced her concerns of Ezell's racially disparate treatment to Carpenter, Sewell, and other supervisors of Defendants.

The Balanced Budget Act caused significant reductions in the staff positions of Defendants, beginning near the end of 1997.

On April 16, 1999, Plaintiff was laid off from her employment because of racially discriminatory evaluations she had been given by Ezell. At the time, Plaintiff was the most senior Nurse III and, until Ezell became her supervisor, she had consistently received final ratings of "Exceeds Standards" throughout her employment with Defendants.

## II. Applicable Law & Analysis

Summary judgment is appropriate where the movant demonstrates that there is no genuine issue as to any material facts and that, based upon the undisputed facts, it is entitled to judgment as a matter of law. See Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990). When passing on a motion for summary judgment, the court must view the facts in a light favorable to the nonmoving party.

The Eleventh Circuit recently clarified the summary judgment standard in employment discrimination cases stating that "the summary judgment rule applies in job discrimination cases just as in other cases." Chapman v. AL Transport, 229 F.3d 1012, 1026 (11th Cir. 2000). This decision abrogated the previous view that summary judgment was not a proper vehicle for employment discrimination claims which often turn on an employer's motivation and intent. Id. at 1025 (citing Delgado v. Lockheed-Georgia Co., 815 F.2d 641, 644 (11th Cir. 1987); accord Batey v. Stone, 24

F.3d 1330, 1336 (11th Cir. 1994).

Plaintiff's promotion claims are time-barred. Although disputed facts would preclude summary judgment on the merits of the claim, it is clear that the challenged promotions were made, for Title VII purposes, more than 180 days preceding the filing of the EEOC charge, *see Hargett v. Valley Federal Savings Bank*, 60 F.3d 754 (11th Cir. 1995); and, for Section 1981 purposes, more than more than two years preceding the filing of this lawsuit. *See Taylor v. Alabama Intertribal Council Title IV*, 261 F.3d 1032 (11th Cir. 2001)(citing *Goodman v. Lukens Steel Co.*, 482 U.S. 656 (1987)). Defendants are therefore entitled to summary judgment on the promotion claims.

On the other hand, disputed facts preclude summary judgment on the discharge claim. The facts, viewed in a light most favorable to Plaintiff, reflect that the layoff criteria was racially motivated; and that Plaintiff's negative evaluations were racially motivated.

Likewise, disputed facts preclude the granting of summary judgment on Defendants' affirmative defense.

By separate order, Defendants' Motion for Summary Judgment will be granted in part and denied in part.

Done this ____ day of March, 2002.

                                                Chief United States District Judge
                                                U.W. Clemon